## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHIRLEY MARIE J.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-1570** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

**\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM OPINION GRANTING PLAINTIFF'S
### ALTERNATIVE MOTION FOR REMAND

Plaintiff Shirley J. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a

final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner")

denying her application for Supplemental Security Income under Title XVI of the Social

Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative

motion for remand (ECF No. 15), Defendant's Motion for Summary Judgment (ECF No. 16),

and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 17).[2]  Plaintiff

contends that the administrative record does not contain substantial evidence to support the

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that she is not disabled.  No hearing is necessary.  L.R. 105.6.  For the

reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

**I**

## Background

On July 20, 2017, Administrative Law Judge ("ALJ") Kerith Cohen held a hearing where

Plaintiff *pro se* and a vocational expert ("VE") testified.  R. at 49-73.  The ALJ thereafter found

on December 1, 2017, that Plaintiff was not disabled since the application date of April 21, 2015.

R. at 32-48.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful

activity since April 21, 2015, and that her osteoarthritis, lumbar spine disorder, bilateral hip

disorders, knee disorder, and anemia were severe impairments.  R. at 37-38.  She did not,

however, have an impairment or combination of impairments that met or medically equaled the

severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 38-39.  The

ALJ stated that, "[i]n reaching this conclusion, the undersigned considered listing 1.02 for major

dysfunction of a joint, listing 1.04 for disorders of the spine, and listing 7.05 for anemias."  R. at

39.  "The medical evidence does not document listing-level severity, and no acceptable medical

source mentioned findings equivalent in severity to the criteria of any listed impairment,

individually or in combination."  R. at 39.  "A more detailed discussion of the evidence is

embodied in the residual functional capacity analysis in Finding 4."  R. at 39.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform a range of light work.  She can lift and carry up to 40 pounds
> occasionally and 20 pounds frequently.  She is able to stand up to four hours,
> walk up to two hours, and sit for six hours over the course of an eight-hour
> workday.  She can occasionally balance, stoop, kneel, crouch, and climb ramps or
> stairs.  She is unable to crawl or climb ladders, ropes, or scaffolds.  She cannot
> tolerate exposure to hazardous machinery or unprotected heights.  She requires a
> cane when navigating uneven terrain or walking long distances[.]

R. at 39.  In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could work as

a toll collector, ticket seller, or parking lot cashier.  R. at 43.  The ALJ thus found that Plaintiff

was not disabled since April 21, 2015.  R. at 43.

After the Appeals Council denied Plaintiff's request for review, Plaintiff, represented by

counsel, filed on May 29, 2019, a complaint in this Court seeking review of the Commissioner's

decision.  Upon the parties' consent, this case was transferred to a United States Magistrate

Judge for final disposition and entry of judgment.  The case then was reassigned to the

undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period

of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country."  42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social

Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made,

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.   20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## <u>Substantial Evidence Standard</u>

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

**IV**

**Discussion**

Plaintiff contends that the ALJ erred at step three of the sequential evaluation by failing to evaluate properly whether her impairments met or equaled 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A ("Listing 1.04A"). Pl.'s Mem. Supp. Mot. Summ. J. 8-20, ECF No. 15-1. Plaintiff also asserts that remand is warranted because the Commissioner materially erred by failing to develop properly the medical record. *Id.* at 20-21. For the reasons discussed below, the Court remands this case for further proceedings.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94). "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

Plaintiff argues that "remand is warranted in this case because the ALJ's step-three conclusion with regard to Listing 1.04 is both inaccurate and legally insufficient." Pl.'s Mem. Supp. Mot. Summ. J. 13, ECF No. 15-1. "The ALJ cited no evidence in support of her conclusions and provided no further elucidation of her reasoning." *Id.* (citing R. at 39). "[A]lthough the ALJ referred to some of the evidence potentially relevant to the listing analysis in the RFC discussion, the ALJ never connected the evidence back to the specific 1.04A requirements. This approach is not sufficient." *Id.* at 14.

The Court agrees. The ALJ must give a sufficient explanation of her rulings to include "evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295. "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Here, "[t]he ALJ does discuss Plaintiff's testimony and the medical evidence during her analysis of Plaintiff's RFC. However, the ALJ does not 'build an accurate and logical bridge from the evidence to [her] conclusion' that Plaintiff does not satisfy the Listing." *Martin v. Saul*, No. 1:19CV596, 2020 WL 2214603, at *3 (M.D.N.C. May 7, 2020) (alteration in original) (citation omitted) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). The Court's resolution of Plaintiff's step-three issue would compel the Court "to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three," which the Court may not do. *Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (per curiam). In short, the ALJ's failure to explain adequately her reasoning precludes the Court from undertaking a

meaningful review of the finding that Plaintiff did not satisfy Listing 1.04A.  *See Radford*, 734

F.3d at 296.  The Court thus remands this matter for further proceedings.

**V**

**<u>Conclusion</u>**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16)

is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's

alternative motion for remand (ECF No. 15) is **GRANTED**.  Defendant's final decision is

**REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for

further proceedings consistent with this opinion.  A separate order will issue.


Date: June 22, 2020                                         /s/
                                                  Thomas M. DiGirolamo
                                                  United States Magistrate Judge